# BELKNAP,

## DECEMBER TERM, A. D. 1854.

---

### GARLAND & ux. v. THOMPSON.

Where the widow of a revolutionary soldier, being entitled to a pension under the act of Congress of July 4, 1836, died on the first day of February, 1841, without having made application for the pension, and a certificate was afterwards, on the 11th day of March, 1851, issued from the Department of the Interior, in favor of her seven surviving children, one of whom died before receiving his share of said pension, leaving a widow and five children surviving him, it was *holden* that said five children were not entitled to the share of their deceased father, and that an action for money had and received, brought by one of them, would not lie against his administrator, to recover her portion of his said share, which had been received by the administrator of the pension agent.

ASSUMPSIT for money had and received. The writ was dated August 23, 1851, and the plea was the general issue.

It appeared in evidence that Betsey Blackey, the widow of Mark Blackey, a revolutionary soldier, was entitled to a pension under the act of Congress, passed July 4, 1836, and she having died February 1, 1841, without having made any application for a pension, a certificate was issued from the department, March 11, 1851, to her children, George Blackey, Thomas Blackey, Joseph Blackey, Sally Blackey, Betsey Blackey, Peggy Blackey and John Blackey, of which the following is a copy.

" DEPARTMENT OF THE INTERIOR.

*Claim for Military Service.*

I certify that in conformity with the law of the United States, of the 4 July, 1836, Betsey Blackey, deceased, widow of Mark Blackey, late private, was entitled to receive at the rate of sixty-four dollars and seventy-six cents per annum from 4 March, 1831, to 1 February, 1841, and that the amount is now due and payable to George Blackey, Thomas Blackey, Joseph Blackey, Sally Blackey, Betsey Blackey, Peggy Blackey and John Blackey, only surviving children.

Given at the Department of the Interior, this 11 day of March, one thousand eight hundred and fifty-one.

A. H. H. STUART,
Secretary of the Interior.

Examined and countersigned.

J. E. HEATH,
Commissioner of Pensions."

It also appeared that there was another daughter, Mary, who made the declaration for the pension, but was not named in said certificate. It further appeared that on the 26th day of March, 1851, John Kelley, the pension agent for the district of Portsmouth, paid to John Thompson, the defendant, as attorney for all the children of said Betsey Blackey, except George Blackey, who died August 23, 1850, six seventh parts of the amount of said pension. And on the 31st day of May, 1851, the said pension agent paid to the defendant, as administrator of George Blackey, duly appointed May 13, 1851, the other seventh part of said pension, amounting to $91,71.

It appeared also that the said George Blackey died, leaving a widow and five children by a former wife, who are his sole heirs, and that one of said children is Hannah, the wife of the plaintiff, John Garland.

Early in June, 1851, the plaintiffs, through their agent,

demanded of the defendant payment of the wife's share of said pension, which he refused, alleging that he should have the money appraised, and was not obliged to pay it for a year. There was evidence tending to prove that the pension was obtained upon evidence procured by Israel W. Kelley, upon a contract made between him and the said children of Betsey Blackey, that he should furnish proper evidence and attend to the business generally of obtaining the pension at his own expense; and if he succeeded in obtaining the pension, should have one half of it, and if he did not, should not be entitled to anything. And after said $91,71 was paid to the defendant, as aforesaid, he paid one half of it to said Kelly, June 10, 1851, in pursuance of said agreement.

A verdict was taken by consent for $20, the amount of the *ad damnum*, which is less than one fifth of said sum of $91,71 and interest, upon which it was agreed that judgment should be entered for such sum as the court should order, or judgment to be entered for the defendant, or a new trial to be granted, according to the opinion of the court.

*S. C. Lyford* and *James Bell*, for the defendant.

1. Though Betsey Blackey died before the pension was granted or applied for, she is, in giving a construction to the acts of Congress, to be regarded as the pensioner.

George Blackey also died before the pension was granted.

2. The plaintiffs can found no claim to a share of this pension, under the act of June 19, 1840.

That act was intended to apply to the case of the decease of a pensioner, that is, of a person already on the pension list, who dies after a part of the half yearly instalment of pension has accrued, and not a case like the present, where the sum paid by the government is entirely for what is termed "back pay," and where the party who would have been entitled was never admitted as a pensioner. See *Foot, Ex'or.* v. *Knowles*, 4 Met. 386.

3. But if the act of 1840 is to control the disposition of this pension money, that act was satisfied and its provisions complied with, when it was paid to the surviving children, and to the defendant, as representative of a deceased child, of Betsey Blackey.

Beyond that point, the act does not attempt to designate the party who should be entitled to it, and it does not, as the plaintiff must establish, attempt to secure it to the grand children of the pensioner.

4. If George Blackey were to be regarded as the pensioner, (as we conceive he cannot be,) the act of 1840 does not apply to him, as the case finds that he left a widow.

5. The plaintiff cannot sue alone, but the other children of George Blackey should have joined in the action as plaintiffs.

*Hutchinson* and *H. A. Bellows*, for the plaintiffs.

Woods, J. Hannah, one of the plaintiffs in whose right the money is claimed which is sought to be recovered in this action, is one of five children of George Blackey, who died August 23d, 1850, leaving a widow and said five children surviving him. The defendant is the administrator of the estate of said George Blackey, and in that capacity claims the money which is the subject of this controversy. The rights of the parties depend upon the following facts, namely: Betsey Blackey was the wife of Mark Blackey, a revolutionary soldier, whom she survived, and as such survivor was entitled to a pension under the act of Congress passed July 4, 1836, but never made application therefor, and died February 1, 1841. After her death, her eight surviving children, of whom George Blackey was one, made a declaration, in order to obtain the sum thus due to Betsey Blackey, at the time of her death, and a certificate, bearing date March 11, 1851, was issued from the Department of the Interior, which set forth that " in conformity with the law of the United

States of July 4, 1836, Betsey Blackey, deceased, widow of
Mark Blackey, late private, was entitled to receive at the
rate of sixty-four dollars and seventy-six cents per annum,
from the 4th of March, 1831, to the 1st of February, 1841,
and that the amount is now due and payable to George
Blackey, Thomas Blackey, Joseph Blackey, Salley Blackey,
Betsey Blackey, Peggy Blackey and John Blackey, only
surviving children." There was, in fact, another surviv-
ing child named Mary, who signed the application for the
pension, but who was not mentioned in the certificate.
The pension agent paid over to the defendant, as the ad-
ministrator and representative of George Blackey, one sev-
enth part of the amount due and payable in virtue of said
certificate. The defendant claims the money thus received
as part of the estate of George Blackey, and to be adminis-
tered by him as such. The plaintiffs claim one fifth part of
the sum received by him, on the ground that upon the death
of George Blackey, his five children surviving him were en-
titled, under the laws of Congress, to receive the same, and
that the property did not vest in him as administrator of
said estate, but vested in them in equal shares, and that
when received by the defendant, he must be regarded as
holding, as the trustee and agent of each of said five chil-
dren, and not as administrator of George Blackey.

Upon the foregoing statement of facts, it is clear that
Betsey Blackey, widow of Mark Blackey, was entitled to a
pension at the time of her death; and that fact was deter-
mined also by the adjudication of the officers at the Depart-
ment of the Interior, to whom is confided the determination
of the rights of applications for pensions. The certificate,
as we have seen, that " Betsey Blackey was entitled to re-
ceive at the rate and from the 4th of March, 1831, to the 1st
February, 1841, and that the amount is now due and paya-
ble to George Blackey," (and others named,) " only surviving
children." That adjudication was, doubtless, in accordance
with the law in force at the date of it, to wit: March 11th,

1851, as well as at the date of the death of Mrs. Blackey, namely: February 1, 1841. By the act of June 19, 1840, section 2, which was the act in force at those two periods, it is provided that " in case any pensioner, who is a widow, shall die leaving children, the amount of pension due at the time of her death, shall be paid to the executor or administrator, for the benefit of her children, as directed in the foregoing section."

By section 1 of said act, which is the section referred to in section 2 as the foregoing section, it is provided that " in case any male pensioner shall die, leaving children but no widow, the amount of pension due to such pensioner, at the time of his death, shall be paid to the executor or administrator on the estate of such pensioner, for the sole and exclusive benefit of the children, to be by him distributed among them, in equal shares, and the same shall not be considered as a part of the results of said estate, nor liable to be applied to the payment of the debts of said estate in any case whatever."

By section 3 of said act it is provided that " in case of the death of any pensioner, male or female, leaving children, the amount of pension may be paid to any one or each of them, as they may prefer, without the intervention of an administrator."

It may here be safely stated that there is no statute providing for the payment of the arrears of any pension due to a pensioner, at the time of his death, to his children, when he dies leaving a widow surviving him. Section 4 of the act of June 7th, 1832, provides for the payment of such sum as may become due to the pensioner " between the last preceding semi-annual payment and the death of such person, to his widow, or if he have no widow, to his children."

In giving a construction to section 3 of the act of July 4, 1836, and of section 4 of the act of June 7th, 1832, in virtue of which alone, the pension, in the present case, accrued

to Mrs. Blackey, the supreme court of Massachusetts determined, where a pension was granted to the widow of an officer, conformably to the acts of July 4, 1836, and March 3, 1837, and she died before the pension certificate was issued, having disposed of her pension by will, that the pension was payable to her executor, and not to her children, and that he was entitled to recover the same from the children, to whom it had been paid by order of the officers of the United States, who had charge of the matter of pensions. *Foot, Ex'r.* v. *Knowles,* 4 Met. 386. In delivering the judgment in that case, *Dewey,* J., says, in reference to section 4 of the act of June 7, 1832, " this provision, it will be seen, applies, in terms, only to the payment of pension money accruing after the last preceding semi-annual payment, and cannot, therefore, in any case exceed six months." This adjudication was in view of the provisions of the laws existing prior to the acts of June 19, 1840. We are not called upon, however, in order to a proper determination of this case, to decide the point involved in the case just referred to, and there is no occasion, if such were our opinion, to determine, as is urged in argument, that this case does not fall within said fourth section of the act of 1832, and that by the provisions of it the pension to which Mrs. Blackey was entitled at her death, became, upon her death, a part of the assets of her estate, and that, therefore, the plaintiffs are not entitled to recover any part of it in this action, which would be the legal result. The amount of the pension to which Betsey Blackey was found to have been entitled at her death, having been determined by the officers upon whom by law the duty is devolved to determine who are entitled to receive the bounties of the government, distributed by way of gratuities, to have been payable to George Blackey and the other children of Mrs. Blackey, and this being as favorable a view as can be taken of the matter, for the plaintiffs, we are not, on this occasion, disposed to question the correctness of that decision. Indeed,

we think it was in accordance with the provisions of the act of July 4, 1836, as modified by the act of June 19, 1840. We assume, then, that the determination was correct, that the children of Betsey Blackey were entitled, upon her death, according to the determination of the Pension Department, as certified in the pension certificate, and in conformity with the provisions of the act of June 19, 1840, to receive the amount of the pension due to her at her death. The question, then, that arises is, whether the share of George Blackey enured to himself, and being a part of his property upon his death, became a part of the assets of his estate, or, by reason of his death, was transferred to and became the property of his children surviving him. If George Blackey's share of his mother's pension became specifically the property of his surviving children, upon his death, it must be in virtue of the provisions of the sections of the act of June 19, 1840, before cited.

By the first section it will be seen that by the express terms of the provisions in the case of the death of a male pensioner, it is only when he leaves no widow at his death, that the surviving children are entitled.

The provision of the third section of that act is, in terms, that " in case of the death of any pensioner, whether male or female, leaving children, the amount of pension may be paid to any one or each of them, as they may prefer, without the intervention of an administrator." But it is clear that this third section is not intended to give the pension due to her husband to the children of the pensioner, instead of his widow, but is designed only to provide that when, by the other two sections, the children are entitled to the pension, they may, if they choose, obtain the payment of the whole money to any one, of his own share of it to each one, without the intervention or interference of an administrator. Without this third section the money belonging to the surviving children must necessarily, in all cases, pass through the hands of the administrator of the deceased pensioner, and be distri-

buted by him among his surviving children, as their own property and estate.   Section 3 obviates this necessity, and allows a direct payment to the children entitled to the pension, when they so wish and determine, but was not designed to give to them what by the other provisions of law was given to the surviving widow.   George Blackey, in this case, died, leaving a widow, and that fact, even if he is to be regarded as a pensioner, (which is by no means clear, but which we need not now ·determine,) is a sufficient answer to the claim of the plaintiffs to the money in question.   For there is no pretence, upon any view of the statute, as we have seen, that the children of a pensioner are entitled in case he dies leaving a widow surviving him.   And if George Blackey is not to be regarded as a pensioner, then clearly his children are not entitled to the money in question, for there is no ground for holding that, upon the death of Betsey Blackey, her grand children were entitled to her pension money.   The statutes contain no provisions to that effect.   We are, therefore, of the opinion that the plaintiffs are not entitled to recover, and that according to the provisions of the case, the verdict should be set aside and judgment entered for the defendant.

*Judgment for the defendant.*